UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

| | | | |
|---|---|---|---|
| IN RE: | ) | CHAPTER | 11 |
| | ) | | |
| SUSAN MOUROUZIDIS, | ) | CASE NO. | 14-21564 (ASD) |
| | ) | | |
| DEBTOR. | ) | RE: ECF NO. | 55 |
| | ) | | |

---

**BRIEF MEMORANDUM AND ORDER
DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF BRIEF
MEMORANDUM AND ORDER GRANTING BAYVIEW LOAN SERVICING, LLC'S
MOTION TO DISMISS THE DEBTOR'S CASE WITH BAR AND IN REM ORDER**

**I. BACKGROUND**

On August 4, 2014 (hereinafter, the "Petition Date"), Susan Mourouzidis (hereinafter, the "Debtor") commenced Bankruptcy Case No. 14-21564 by filing a petition (hereinafter, the "Petition") under Chapter 11 of the Bankruptcy Code. On November 16, 2014, the Court issued and entered a *Brief Memorandum and Order Granting Bayview Loan Servicing. LLC-s Morion to Dismiss the Debtor's Case with Bar and In Rem Order* (hereinafter, the "Dismissal Order"), ECF No. 55, ordering therein:

> "[that] pursuant to Bankruptcy Code §§1112(b)(4)(A) and (D) and 11 U.S.C. §105(a), that the instant bankruptcy case (Case No. 14-21564) is hereby **DISMISSED** *with the prejudice* that the Debtor, Susan Mourouzidis, may not be a debtor under the Title 11, United States Code, at any time during the ONE YEAR period following the date of this Order, and

> [that] pursuant to Bankruptcy Code §105(a) that any future bankruptcy petition filed by the Debtor, Susan Mourouzidis, or any transferee of her interest in the Property at 31 Main Street a/k/a 25-31 Main Street, Windham, Connecticut, will not trigger the automatic stay of §362(a) of the Bankruptcy Code as to the Property until the completion of the state court foreclosure action pending in the Connecticut Superior Court (WCM-CV-11-6004651-S) and any and all appeals related thereto".

Presently before the Court is the *Debtor's Motion for Reconsideration* (hereinafter, the "Motion for Reconsideration"), ECF No. 55, requesting the Court to reconsider and vacate the Dismissal Order. For the reasons briefly stated hereinafter, the Motion for reconsideration shall be denied.

On November 6, 2014, a hearing was held on Bayview Loan Servicing, LLC's (hereinafter, "Bayview") *Motion to Dismiss and In Rem Order,* ECF No. 38 (hereinafter, the "Motion to Dismiss") in which Bayview was seeking an order dismissing the Petition with a bar to the Debtor filing future bankruptcy petitions, and the entry of an *in rem* order as to the Debtor's rental property at 31 Main Street a/k/a 25-31 Main Street, Windham, Connecticut (hereinafter, the "Property")[1] at which counsel for Bayview, the Debtor, and her counsel appeared and argued the Motion. The Court then took the Motion to Dismiss under advisement to permit the Court to examine late Monthly Operating Reports for the months of August, September and October, 2014 (hereinafter, the "Operating Reports") but represented and ordered to be filed by the Debtor the following day, and which were filed on November 7, 2014. ECF Nos. 46, 47, and 48, respectively. The Court also continued the Motion to Dismiss to November 13, 2013, for tracking purposes, in the event the Court had not issued a decision on the Motion to Dismiss by that date.

On November 16, 2014, the Court entered the Dismissal Order noting therein, *inter alia*, as follows:

> The Court, having now reviewed the Operating Reports, and while having taken note that said Operating Reports are substantially incomplete,

---

[1] On that same date the *United Sates Trustee's Motion to Dismiss the Debtor's Case,* ECF No. 35, seeking an order dismissing the case for failure to maintain appropriate was also considered calendared for a hearing but was continued to November 13, 2014.

2

nevertheless finds that they sufficiently reflect the fact that the Debtor, rather than having recently spent thousands of dollars of rental receipts on making repairs to the Property, as represented by the Debtor at the Hearing, on the contrary, used most of the rental receipts she has been collecting from tenants of the Property to pay personal living expenses.

The Court further finds on the basis of the files and records of the present case and a prior case identified hereinafter, Operating Reports, Petition and schedules filed, pleadings of the Movant and Debtor and statements made at the Hearing [referring to hearings held November 6 & 13, 2014], that:

(i) *the present Petition is the second filed by the Debtor in 2014 affecting the Debtor's Property -- The Debtor filed a prior bankruptcy petition under Chapter 7, Case No. 14-20409, on March 7, 2014 (Case No. 14-20409);*[2]

(ii) the Movant holds a valid security interest in the Debtor's Property including the rental receipts;

(iii) the Debtor has no equity in the Property;

(iv) the Debtor has failed to obtain permission of the Movant or authorization from this Court for the use of cash collateral (*i.e.*, the rental receipts);

(v) the Debtor has failed to make cash collateral payments to the Movant since the Petition Date;

(vi) the filing of the present Petition is part of a scheme to delay, hinder and defraud the Movant;

(vii) the Debtor does not have a reasonable prospect of filing and confirming a plan of reorganization in this Chapter 11 case.

Dismissal Order, ECF No. 52 at 3. (Emphasis added; footnote in original).

## II. DISCUSSION

In the Motion for Reconsideration, counsel for the Debtor particularizes her basis for asking the Court to vacate the Dismissal Order, stating:

---

[2] In the prior case the Movant, on March 31, 2014, obtained an order of this Court granting it relief from the automatic stay to proceed with a state court foreclosure action then pending in the Superior Court for the State of Connecticut. On August 4, 2014, the day of the running of the Debtor's law day in the state court foreclosure action, the Debtor filed the present Petition.

3

> "Specifically, it appears that the Court may have mistaken this case with another (unrelated) case which may have prejudiced the Court's eventual ruling. For example, at the hearing on November 6, 2014 the Court makes reference to notes taken from the "last hearing" when there never was a prior hearing in this matter. Moreover, the Court recalls certain facts which could not possibly be recounted for the same reason -- the hearing on November 6 was the first and only hearing at which the Debtor and/or her counsel appeared before the Court".

(Footnote omitted).

First, the Court's reference to the Debtor's prior bankruptcy case, Case No. 14-20409 (hereinafter, the "Prior Case"), was no mistake. The Prior Case was specifically noted in the Dismissal Order, ¶(i), is the only "other" bankruptcy case known to or considered by the Court, and is not "unrelated". A debtor's filing history is always relevant to a determination of an abusive bankruptcy agenda. Finally, it was only one of seven factors supporting and noted in the Dismissal Order, and even if eliminated as a factor, would not have effected the outcome.

Second, what counsel for the Debtor pronounces as

> the Courts reference to notes taken from the "last hearing" *when there never was a prior hearing* in this matter . . . [and the Court's recollection of] certain facts which could not possibly be recounted for the same reason . . . [as] *the hearing on November 6 was the first and only hearing at which the Debtor and/or her counsel appeared before the Court*

(Emphasis added).

defies the files and records of this and the Prior Case and is inconsistent not only with the Court's recollection but even that of her own client, the Debtor, as evidenced, *inter alia*, by the following record exchange between the Court and the Debtor herself:

4

**THE COURT**: The last time you were here, if I am correct, I queried you about the tenants, who they were, what was going on, and

**THE DEBTOR**: Correct.

Tr. 11-6-2014, 11:10:13.

### III. ORDER

Having considered the Motion for Reconsideration, the relevant files and records of this case including relevant audio transcripts, and in light of the discussion above, the Court determines there is no basis to vacate or modify the Dismissal Order, in accordance with which:

**IT IS HEREBY ORDERED** that the Motion for Reconsideration is **DENIED**.

Dated: December 5, 2014                                    BY THE COURT

*/s/ Albert S. Dabrowski*
Albert S. Dabrowski
United States Bankruptcy Judge

5